## LEBANON SAVINGS BANK *vs.* T. E. PENNEY.

### July 25, 1890.

**Negotiable Instrument — Accommodation Paper — Pleading — Evidence.**—Where the defence set up in an answer to a complaint upon a promissory note is that the note was made by the defendant for the accommodation of the payee, proof that it was executed without any consideration is sufficient to establish such defence, and defeat a recovery as between the original parties. But evidence that the parties mutually agreed in writing, at the time of the execution of the note, that the maker should not be personally liable thereon, but that it should be paid out of the proceeds of other securities, is not admissible, under the answer, to prove that the note was made for the accommodation of the payee.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Young*, J., and verdict of $2,438.47 directed for plaintiff. At the trial the defendant offered to prove that before the maturity of the Wilcox note mentioned in the opinion, Wilcox became embarrassed; that thereupon it was agreed that, in order to assist the plaintiff in taking real-estate security for the note, Wilcox should convey certain real estate to defendant; that the defendant should thereupon sign the note in suit as a substitute for the Wilcox note; that he should hold the real estate, surrender it when required by the bank, and should not be held liable on the note; that defendant received no consideration for making the note, but signed it at the request of the bank, and for the purpose and under the agreement above stated. On plaintiff's objection the offer was rejected as not admissible under the answer, and the defendant excepted.

*Hart & Brewer,* for appellant.

*Marshall A. Spooner,* for respondent.

VANDERBURGH, J. This action is brought upon a promissory note made by defendant to one Travis, and by him indorsed to plaintiff. In April, 1887, the plaintiff held the note of one Wilcox for the same amount, also indorsed by Travis, and previously discounted by plain-

tiff for cash. In pursuance of an arrangement between Wilcox, Travis, and defendant, the note of the former was taken up, and the note of defendant indorsed by Travis, negotiated and accepted by plaintiff in lieu thereof. This last-mentioned note was dated April 23, 1887, and was due October 23, 1887. When it matured, it was renewed by a new note, executed by the same parties, due March 23, 1888, at which date the last-named note was taken up and paid by the execution and delivery of the note in suit. In each case the note was discounted by the plaintiff, and the interest received in advance, according to the usual custom of banks. The sole defence set up in the answer of this defendant is that the first note, given to take up the Wilcox note, was made by this defendant simply as an accommodation note, and that the second and third notes, made in renewal thereof, were also mere accommodation notes, and made without any consideration.

If the maker of a note sign it for accommodation merely, according to mercantile usage, to give the same credit and without any consideration, proof of such want of consideration is, as between the parties, a complete defence. But here there was a good and valuable consideration, as respects the plaintiff, in the discount of the defendant's original note in settlement of the Wilcox note, and the renewal of defendant's later notes. The evidence offered by defendant to prove that plaintiff had agreed not to enforce the note against the defendant, but to rely upon the security turned out to the latter to indemnify him for signing the note, was properly rejected. It was wholly inadmissible, under the answer. It did not tend to establish the defence set up therein. A contemporaneous written agreement may be considered and construed in connection with a note or its indorsement, and may control the effect of the same as between the parties. *Davis* v. *Brown*, 94 U. S. 423; 1 Daniel, Neg. Inst. § 81a. Such an agreement as defendant offered to prove, if in writing, would have been properly received and considered if the facts had been set up in the answer; but it did not tend to prove that the note was made for the accommodation of the plaintiff, and it was, accordingly, properly ruled out.

Order affirmed.